IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

—————————————————————

RONNIE GUARNIERI,

                    Plaintiff,              Civil Action No.
                                            3:19-CV-0318 (GLS/DEP)

       v.

ERIC KELLEY, District Attorney's
Investigator, *et al.*,

                    Defendants

—————————————————————

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

RONNIE GUARNIERI, *Pro Se*
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

       This is a civil rights action brought by *pro se* plaintiff Ronnie

Guarnieri, an inmate confined to the Broome County Correctional Facility

("BCCF"), against a sitting judge, an investigator, an assistant district

attorney, and a county district attorney, arising out of a criminal investigation that ultimately led to his arrest and conviction, based upon two separate guilty pleas.

Plaintiff's complaint, application for leave to proceed *in forma pauperis* ("IFP"), and motion for the appointment of counsel have been forwarded to me for review. Based upon my consideration of those materials, I grant plaintiff's application for leave to proceed without prepayment of fees, deny his request for the appointment of counsel, and recommend that his complaint be dismissed, with leave to replead.

I.      BACKGROUND

Plaintiff commenced this action by the filing of a complaint on or about March 13, 2019. Dkt. No.1. According to plaintiff, in December of 2017, defendant Eric Kelley, an investigator employed by the Broome County District Attorney's Office, conducted an illegal search of his residence and seized a laptop computer as a result of that search. Dkt. No. 1 at 4-5. That search and seizure led to plaintiff being arrested and charged with petit larceny and subject to further investigation as a result of that charge. Though plaintiff's complaint does not disclose many details regarding the matter, it appears that plaintiff was later charged with

2

criminal contempt in the second degree and confined to the BCCF.[1] *Id.* at 5.

In March of 2018, plaintiff appeared before defendant Hon. Veronica M. Gorman in the Town of Union Court. Dkt. No. 1 at 5. Although defendant Ganz, an assistant district attorney for the County of Broome, offered plaintiff a plea that involved a sentence of a one-year period of incarceration, plaintiff rejected that offer, and remained in custody as a result. *Id*. One month later, plaintiff filed a *pro se* speedy trial motion, which Justice Gorman failed to adjudicate. *Id.* at 6. Plaintiff asserts that Justice Gorman colluded with defendant Ganz to deprive plaintiff of "his liberty and a fair trial." *Id.* at 7.

In August of 2018, plaintiff appeared before Justice Gorman and entered a plea of guilty to the petit larceny charge. *Id.* at 6. Although plaintiff was sentenced to time served, Justice Gorman "would not release [plaintiff] until . . . [he] entered a guilty plea" with respect to the other pending charge. *Id.* As a result, plaintiff appeared in the Village of Endicott Court several days later and entered a plea to the charge of criminal

---

[1]     Although it is certainly far from clear from the face of the complaint, it appears that only one of these two charges was connected to the seizure of the laptop, with the petit larceny adjudicated in the Town of Union, while the criminal contempt charge was adjudicated in the Village of Endicott. *See generally* Dkt. No. 1.

contempt in the second degree, and was thereafter immediately released from custody. *Id.* at 6, 8. Plaintiff alleges that notices of appeal have been filed in connection with both of his guilty pleas. *Id.* at 6, 8.

Plaintiff alleges that defendant Steve Cornwell, the District Attorney for the County of Broome, was "negligent in overseeing the flawed case" against plaintiff, while defendant Frank Bertoni, supervisor for the Town of Union, "failed to oversee in his governmental employees in the execution of their duties." Dkt. No. 1 at 7. As relief, plaintiff seeks "reparations" and compensatory and punitive damages totaling $4 million. *Id.* at 9; Dkt. No. 5-1 at 2.

Following the initial administrative closure of this action, plaintiff submitted an amended application for leave to proceed without full prepayment of fees.[2] Dkt. Nos. 5, 7. That IFP application includes the requisite certification of the amounts of money in plaintiff's prison account as well as his average account balance over the past six months. Dkt. No. 5 at 2.

II.    DISCUSSION

---

[2]    Plaintiff's initial request for leave to proceed IFP, Dkt. No. 2, was rejected as incomplete, and he was ordered, on March 19, 2019, to either pay the full $400.00 filing fee in advance or submit a completed and signed IFP application within thirty days. Dkt. No. 4.

A.    IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400.00, must ordinarily be paid.[3] 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). Because I conclude that plaintiff satisfies the requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[4] Dkt. Nos. 5, 6, 7.

B.    Sufficiency of Plaintiff's Complaint

1.    Governing Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e), 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which

---

[3]    The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $50.00). Although an inmate that has been granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. 28 U.S.C. § 1915(b)(3).

[4]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[W]e have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*." (citation and internal quotation marks omitted)).[5]

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an

_____

[5]     To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson*, 2008 WL 268215, at *1 n.3, and "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources," *Neitzke*, 490 U.S. at 327

opportunity to address the sufficiency of plaintiff's allegations. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e) and 1915A, the court is guided by the Federal Rules of Civil Procedure. Specifically, Rule

8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (emphasis omitted) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977)) (internal quotation marks omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

2.     Analysis of Plaintiff's Claims

a.     Defendant Justice Gorman

One of the defendants named in plaintiff's complaint is the Hon. Veronica Forman, a sitting town justice. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted). The 1996 Congressional amendments to section 1983 further barred injunctive relief and provided that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996); *see also Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999). Therefore, a judge is

9

immune from all forms of suit unless he has acted either beyond the judge's judicial capacity, or "in the complete absence of all jurisdiction." *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (quoting *Mireles*, 502 U.S. at 11) (internal quotation marks omitted).

In determining whether or not the judge acted in the "clear absence of all jurisdiction," the judge's jurisdiction is to be construed broadly, "and the asserted immunity will only be overcome when the 'judge clearly lacks jurisdiction over the subject matter.' " *Ceparano v. Southampton Justice Court*, 404 F. App'x 537, 539 (2d Cir. 2011) (quoting *Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir. 1988)). "Whether a judge acted in a 'judicial capacity' depends on the 'nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.' " *Ceparano*, 404 F. App'x. at 539 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "Further, if the judge is performing in his judicial capacity, the 'judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.' " *Ceparano*, 404 F. App'x at 539 (internal quotation marks omitted) (quoting *Stump*, 435 U.S. at 362).

"Judges are not, however, absolutely 'immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.' " *Bliven*, 579 F.3d at 209 (quoting *Mireles*, 502 U.S. at 11). While absolute judicial immunity does not bar claims for prospective injunctive relief, such relief is not available under § 1983 absent an allegation of a violation of a prior declaratory decree or that declaratory relief was unavailable. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (citation omitted).

In the present matter, plaintiff alleges that:

> [Justice] Gorman committed [j]udicial misconduct;
> blackmail[;] extortion and colusion with ADA Ganz
> to deny the Plaintiff of his [l]iberty and a fair trial.

Dkt. No. 1 at 7 (errors in original). These allegations are wholly conclusory, devoid of any factual details or enhancement, and therefore cannot pass muster under Rule 8 and *Iqbal*.

In addition, plaintiff alleges that he filed a speedy trial motion and that Justice Gorman failed to acknowledge the application or otherwise render a decision on it. Dkt. No. 1 at 6. Justice Gorman's role in adjudicating motions is clearly part of her judicial responsibilities and is thus within the ambit of judicial immunity. Accordingly, I recommend that all claims against Justice Gorman be dismissed.

b.    Defendant Ganz

Another of the defendants named in plaintiff's complaint is Assistant District Attorney Ganz. The claims against that defendant are arise from his role in prosecuting criminal charges against plaintiff.

It is well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.' " *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity [applies], we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. Cty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

In this case, much like the allegations against the allegations against Justice Gorman, plaintiff's allegations with respect to defendant Ganz are conclusory and unsupported by any factual enhancement, and therefore

fail to satisfy the governing pleading requirements under Rule 8 and *Iqbal*. *See generally* Dkt. No. 1. Accordingly, I recommend that the claims against defendant Ganz be dismissed.

c.    <u>Defendants Cornwell and Bertoni</u>

As supervisors, defendants Cornwell and Bertoni cannot be held liable for damages under section 1983 solely by virtue of their roles as supervisors, nor can their liability be predicated upon *respondeat superior*. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright v. Smith*, 21 F.3d 496, 501 (1994). To establish responsibility on the part of a supervisory official for a civil rights violation, a plaintiff must demonstrate that the individual (1) directly participated in the challenged conduct; (2) after learning of the violation through a report or appeal, failed to remedy the wrong; (3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in managing the subordinates who caused the unlawful event; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Richardson*, 347 F.3d at 435; *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d at 501.

In this instance, plaintiff's complaint contains no factual contentions from which it can be inferred that defendants Cornwell and Bertoni are responsible for a civil rights violation. *See generally* Dkt. No. 1. The complaint contains only naked assertions that defendant Cornwell was "negligent in overseeing the flawed case" and defendant Bertoni "failed to oversee his governmental employees in the execution of their duties." *Id.* at 7. The complaint does not contain any further factual enhancement with respect to these allegations. Under these circumstances I recommend that plaintiff's claims against defendants Cornwell and Bertoni be dismissed for lack of personal involvement.

d.     Defendant Kelley

Plaintiff's remaining claims, in which he asserts against defendant Kelley, appear to be directed as constitutional violations alleged to have resulted in his criminal conviction.[6] Dkt. No. 1 at 4-5, 7 In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that,

> to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm
> caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence

---

[6]     Plaintiff's complaint makes passing reference to his belief that he was maliciously prosecuted. Dkt. No. 1 at 7. The court assumes, for purposes of this report and recommendation, that plaintiff intended to assert this claim against defendant Kelley.

> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called
> into question by a federal court's issuance of a writ
> of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87; *see also Estes v Doe*, No. 97-CV-8133, 1999 WL 983886, at *3 (S.D.N.Y. Oct. 29, 1999) (quoting *Heck*). "A claim for damages relating to a conviction that has not been so invalidated is not cognizable under Section 1983." *Estes*, 1999 WL 983886, at *3.

Here, although plaintiff contends that he filed notices of appeal in connection with each of his guilty pleas, plaintiff's complaint does not allege that those appeals have been resolved in his favor, or that he has otherwise successfully invalidated the convictions that he now seeks to challenge. Until such convictions are rendered invalid or overturned, plaintiff cannot maintain a civil rights action for malicious prosecution. *See, e.g.*, *Estes*, 1999 WL 983886, at *3 ("[U]nless plaintiff demonstrates that his plea has already been invalidated, his [malicious prosecution] claim must be dismissed if it necessarily implies the invalidity of such conviction.").

Plaintiff's Fourth Amendment claim requires some additional discussion, however, because the Supreme Court and the Second Circuit have both recognized that Fourth Amendment claims are not ordinarily

barred by *Heck* because, in light of exceptions to the exclusionary rule—such as the independent source doctrine and the inevitable discovery doctrine—a favorable outcome on a claim pursuant to 28 U.S.C. § 1983 would not necessarily demonstrate the invalidity of a related conviction. *Heck*, 512 U.S. at 487 n.7; *Fifield v. Barrancotta*, 353 F. App'x 479, 480-81 (2d Cir. 2009). Nonetheless, *Heck* may be still be applicable where "the conviction was dependent on evidence obtained as a result of the arrest," or, put another way, "the evidence underlying the conviction was the fruit of such unlawful actions." *Fifield*, 353 F. App'x at 481 (citing *Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999)). Thus, "[t]o determine if a [s]ection 1983 claim alleging an unlawful search would necessarily imply the invalidity of his conviction, the Court must 'ascertain whether plaintiff could have been convicted even if the . . . evidence [from the allegedly illegal search were] suppressed[.]' " *Corley v. Vance*, 15-CV-1800, 2015 WL 4164377, at *4 (S.D.N.Y. June 22, 2015) (alterations in original) (quoting *Bibbins v. Nextel Commc'ns, Inc.,* No. 08-CV-5075, 2010 WL 4503120, at *4 (S.D.N.Y. Nov.19, 2010)).

Here, although *Heck* may potentially bar plaintiff's claim that defendant Kelley illegally seized his laptop computer, it is difficult to discern from plaintiff's complaint whether he would have been convicted

upon his plea of guilty even if the evidence from the allegedly illegal search had been suppressed. However, plaintiff's claim suffers from the same deficiencies as the remainder of his complaint. Plaintiff's allegations that defendant Kelley illegally seized his laptop computer are conclusory and unsupported by any factual enhancement, and therefore fail to satisfy the governing pleading requirements under Rule 8 and *Iqbal*.

For this reason, I recommend that the plaintiff's remaining claims against defendant Kelley be dismissed.

### C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v.*

17

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, I am unable to say with complete confidence that, if granted leave to amend, plaintiff could not allege facts demonstrating the existence of plausible claims against one or some of defendants. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that " 'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.' " *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-

1594, 1995 WL 316935, at \*7 (N.D.N.Y. May 22, 1995) (Pooler, J.).

Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

    D.    Plaintiff's Motion for Appointment of Counsel

As was previously noted, accompanying plaintiff's complaint in this action is a request for the assignment of counsel to represent him in this action *pro bono*. Dkt. No. 6.

19

The statute that governs IFP proceedings provides, in relevant part, that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). That section, however, does not require that counsel be appointed for every indigent civil litigant. Although the United States Constitution assures that indigent litigants have "meaningful access" to the courts, it does not guarantee that all such parties will receive the benefit of *pro bono* representation. *Hodge*, 802 F.2d at 60 (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Instead, section 1915(e) confers broad discretion on the courts to appoint counsel to deserving indigent litigants in appropriate circumstances. *Hodge*, 802 F.2d at 60-62.

While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised, the court is required to call upon attorneys to donate their time pro bono, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), courts should not grant such applications indiscriminately,

but instead must exercise sound judgment and restraint in doing so.

*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

There is no bright line test to be applied when a pro se, indigent civil

litigant seeks appointment of counsel. *Hendricks v. Coughlin*, 114 F.3d

390, 392-93 (2d Cir. 1997). The factors informing the decision of whether

to exercise discretion in favor of appointing counsel were summarized by

the Second Circuit in its decision in *Hodge*:

> In deciding whether to appoint counsel . . . , the
> district judge should first determine whether the
> indigent's position seems likely to be of substance.
> If the claim meets the threshold requirement, the
> court should then consider the indigent's ability to
> investigate the crucial facts, whether conflicting
> evidence implicating the need for cross-examination
> will be the major proof presented to the factfinder,
> the indigent's ability to present the case, the
> complexity of the legal issues and any special
> reason in that case why appointment of counsel
> would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62. In weighing these factors, each case must be

decided on its own merits. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974

(N.D.N.Y. 1995) (McAvoy, J.) (citing *Hodge*, 802 F.2d at 61). Of these

criteria, the Second Circuit has "stressed the importance of the apparent

merits of the indigent's claims." *Cooper*, 877 F.2d at 172. While a plaintiff

need not demonstrate that he can win his case without the aid of counsel,

he does have to show "likely merit." *McDowell v. State of N.Y.*, No. 91-CV-2440, 1991 WL 177271, at *1 (S.D.N.Y. 1991).

This action was only recently commenced and, as was discussed above, I am recommending that the court dismiss plaintiff's complaint as failing to survive threshold review under 28 U.S.C. §§ 1915(e), 1915A. This is a clear indication that the matter is not likely of substance. For that reason, plaintiff's request for the appointment of counsel is likewise denied, without prejudice to renewal in the event the action proceeds.

III.   <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

Having reviewed plaintiff's request for leave to proceed without prepayment of fees, I find that it is complete and demonstrates his entitlement to that status. Turning to the merits of plaintiff's complaint, however, and applying the standard set forth in 28 U.S.C. §§ 1915(e), 1915A, I conclude that plaintiff's complaint fails to state a cognizable claim against any of defendants. For this reason, I recommend that plaintiff's motion for the appointment of counsel be denied. Accordingly, it is hereby

ORDERED that plaintiff's amended application for leave to proceed in this action without prepayment of fees (Dkt. No. 5) is GRANTED; and it is further

ORDERED that plaintiff's motion for appointment of counsel in the action (Dkt. No. 6) is DENIED, without prejudice to renewal; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED, with leave to replead within thirty days of the date of any decision and order adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[7] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this order, report, and recommendation on plaintiff in accordance with the local rules.

Date: April 4, 2019
     Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[7] If you are proceeding *pro se* and are served with this order, report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

23